CLIFTON H. MOORE, Admr.

*v.*

PETER T. SWEENEY, Admr.

*Filed at Springfield April 5, 1889.*

1. APPEAL—*from Appellate Court—whether it will lie.* When a case determined in the Appellate Court does not involve either a freehold, a franchise or the validity of a statute, and the record contains no certificate of the judges of that court that it involves questions of law of such importance, on account of principal or collateral interests, that it should be passed upon by this court, and the amount involved is less than $1000, no appeal will lie from the judgment of the Appellate Court.

2. The administrator of a deceased widow had appraisers appointed to appraise her deceased husband's estate, who appraised the property left by the husband at $32.75, and fixed the widow's award at $700. The administrator of the widow's estate selected the personal property, and elected to take the residue ($667.25) in money, which was allowed against the husband's estate as a second class claim. On appeal to the circuit court this claim was disallowed, and this judgment was affirmed by the Appellate Court: *Held,* that as the amount involved was less than $1000, and no certificate of importance was given, no appeal lay from the judgment of the Appellate Court.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Moore & Warner, for the appellant:

The court erred in refusing to mark as either "held" or "refused," the written proposition of law submitted by appellant. Rev. Stat. chap. 110, sec. 42; *Calef* v. *Thomas,* 81 Ill. 478; *Kepperly* v. *Ramsden,* 83 id. 354; *Farwell* v. *Shove,* 105 id. 61; *Sexton* v. *Chicago,* 107 id. 323; *Hardy* v. *Rapp,* 112 id. 359; *Barber* v. *Hawley,* 116 id. 91; *Kelderhouse* v. *Hall,* 116 id. 147; *Benefit Aid Association* v. *Hall,* 118 id. 169.

The question attempted to be raised by appellee in this proceeding, as to whether the appellant, as administrator of the estate of the deceased widow of Isaac Loucks, was entitled to have her widow's award estimated and set off to him, as such administrator, out of the estate of her deceased husband, having been prior to this appeal decided in favor of appellant by the county court, from which decision appellee prosecuted an appeal to the circuit court, where the judgment of the county court was affirmed, and from which last decision appellee failed to take an appeal, is *res judicata.*   *Bowen* v. *Allen,* 113 Ill. 53; *Umlauf* v. *Umlauf,* 117 id. 580; *Garrick* v. *Chamberlain,* 97 id. 620; *Cemetery Co.* v. *McCrea,* 92 id. 619; *Railroad Co.* v. *Peterson,* 115 id. 597; *Newberry* v. *Blatchford,* 106 id. 584; *Knowlton* v. *Hanbury,* 117 id. 471; *Attorney General* v. *Railroad Co.* 112 id. 520; *Bennitt* v. *Mining Co.* 119 id. 9.

The widow's failure to renounce the benefit of the provision in her husband's will does not defeat her right to the widow's award.    Rev. Stat. chap. 3, sec. 76; *Deltzer* v. *Scheuster,* 37 Ill. 301.

The widow's award is an exemption, and her right to it is vested in her by the law immediately upon the death of her husband. *Miller* v. *Miller,* 82 Ill. 467; *York* v. *York,* 38 id. 522; *McCord* v. *McKindley,* 92 id. 11; *People* v. *Bradley,* 17 id. 485.

That portion of a widow's award which is chosen in money is a demand against the estate of her deceased husband, and the sale of realty may be resorted to' for its satisfaction. *Rector* v. *Reavill*, 3 Bradw. 232; *Deltzer* v. *Scheuster*, 37 Ill. 301.

The administrator of a deceased widow may recover the value of his intestate's award. *York* v. *York*, 38 Ill. 522.

There was no *laches* on the part of appellant or his deceased intestate that will prejudice his or her right to the award. *Furlong* v. *Riley*, 103 Ill. 628.


Mr. P. T. SWEENEY, for the appellee:

The refusal of the court to hold the proposition of law asked, worked no prejudice to the appellant, and is, therefore, no cause for a reversal.

The widow was not a creditor of her husband's estate until her relinquishment of her right to take the specific articles given her by the statute, and her election to take in money. (*Cruce* v. *Cruce*, 21 Ill. 46.) This election must be made in her lifetime. Having taken all the property as devisee and legatee, her administrator is estopped from claiming her award after her death. Having sold the land and received its proceeds, she could not, if living, subject it to the payment of her award.

The order of the court appointing appraisers was not an adjudication of the rights of the widow. That could not arise until the presentation of her claim for allowance.


Mr. JUSTICE BAILEY delivered the opinion of the Court:

This case comes here on appeal from a judgment of the Appellate Court, and the appellee moves to dismiss the appeal on the ground that less than $1000 is involved. It is clear that the case involves neither a franchise or freehold or the validity of a statute, and the record contains no certificate of the judges of the Appellate Court that the case involves ques-

tions of law of such importance, on account of principal or collateral interests, that it should be passed upon by this court. If then less than $1000 is involved the appeal must be dismissed as being unwarranted by the statute. The facts are briefly these:

On the 25th day of June, 1879, Isaac Loucks died in Clinton county in this State, leaving a will by which he devised and bequeathed all his property to Larney Loucks his widow, and appointed her his sole executrix, requesting that she be not required to give bond or file an inventory. The property left by the testator consisted of household furniture worth about $50 and the premises occupied by him as a homestead of the value of about $300. On May 15, 1882, the widow presented the will to the county court and it was admitted to probate, but she never took out letters testamentary. On the same day she mortgaged the homestead lot by an incorrect description to one Bishop to secure the payment of $179.80, and on the 28th day of June following she conveyed it absolutely by a correct description to one Rasbach, who afterward conveyed it to one Lewis. Having also converted to her own use all the personal property without taking further steps in the administration of the estate, she removed to the State of New York, and there died about April 15, 1884.

In December, 1884, on petition of appellee, a creditor of Isaac Loucks, letters of administration with the will annexed were granted by the county court of DeWitt county to John J. McGraw, and appellee's claim for $501 having been presented and allowed, a petition was filed for leave to sell said real estate for its payment, Bishop and Lewis and Lewis' tenant then in possession being made parties defendant. Said petition was dismissed by the county court, but on appeal to the Circuit Court the order of dismissal was set aside and an order of sale entered in accordance with the prayer of the petition. This latter order was affirmed on appeal by the Appellate Court. Bishop then procured the appointment of the appel-

lant as administrator of the estate of Larney Loucks, the letters of administration being issued March 4, 1886. About this time McGraw died, and the appellee being appointed administrator *de bonis non* in his place, sold the homestead under the decree of the Circuit Court to one Edward J. Sweeney for $260, and made report of the sale to the Circuit Court, which was approved.

Proceedings were then taken by appellant as administrator of Larney Loucks to have appraisers appointed to appraise the estate of Isaac Loucks and to set off and allow to him as such administrator the widow's award in the last named estate or the value thereof. Such proceedings were thereupon had in the county court that appraisers were appointed who appraised the personal property belonging to said estate at $32.75, and fixed the amount of the widow's award at $700. This award having been approved by the County Court, the appellant selected the personal property inventoried at its appraised value, and elected to take the residue, viz., $667.25, in money. Judgment was thereupon entered in his favor for that amount, as a claim of the second class, to be paid in due course of administration. On appeal to the Circuit Court that judgment was reversed, and a judgment entered disallowing said claim. On appeal to the Appellate Court the judgment of the Circuit Court was affirmed, and the judgment of the Appellate Court is brought here for review.

The only question involved in the case is the right of the appellant to the balance of the widow's award not satisfied by the personal property selected, such balance being only $667.25. The appeal to this court therefore was taken without authority of law, and it must be dismissed.

*Appeal dismissed.*